UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTIAGO TERAN,<br><br>    Petitioner,<br>v.<br>UNITED STATES OF AMERICAN,<br><br>    Respondent. | Civil Case No.08cv0077 JAH<br>Criminal Case No. 90cr0856 JAH<br><br>**ORDER DENYING MOTION UNDER 18 U.S.C. § 3582**<br>[Doc. No 504] |

## BACKGROUND

On August 29, 1991, Petitioner was convicted by a jury on four counts of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, distribution of cocaine in violation of 21 U.S.C. § 841, and distribution of cocaine base in violation of 21 U.S.C. § 841. On November 8, 1991, Petitioner was sentenced 30 years for each count to be served concurrently. The Ninth Circuit Court of Appeals reversed Petitioner's conspiracy conviction and affirmed the remaining counts.

Petitioner filed a motion seeking to reduce his sentence pursuant to 18 U.S.C. § 3582. Pursuant to the Court's order, Respondent filed an opposition and Petitioner filed a reply. After a thorough review of the parties' submissions and for the reasons set forth below, the Court **DENIES** Petitioner's motion.

## DISCUSSION

Petitioner asks the Court to modify his term of imprisonment pursuant to section 3582(c)(2). He maintains the sentencing guidelines for crack cocaine offenses were

amended and the amendments have retroactive effect. He asks the Court to examine the prior convictions which he argues were erroneously applied for career offender enhancement and to grant him time served based upon the totality of the circumstances, the nature of the offense of the crime and the extension amount of time served.

Respondent argues the retroactive amendments to the cocaine base guidelines do not apply to Petitioner, because his sentence was not based upon application of section 2D1.1 of the sentencing guidelines, the amended guidelines. Instead, Respondent argues, Teran was found to be a career offender and subject to section 4B1.1, which establishes base offense levels predicated on the maximum statutory sentence, not on section 2D1.1 guidelines. Respondent maintains Petitioner's sentence was, and is, 360 months to life based upon his base offense level of 37 and criminal history category of VI and Petitioner was sentenced to the low end of that range.

In reply, Petitioner argues the Court may apply the retroactive amendments to the guidelines for crack cocaine offenses to him. He argues the underlying conduct forms the base of his sentencing guideline and the career enhancement only applies if it is greater than the base. As such, he maintains his sentence was based upon the cocaine base sentencing range and the amendment does apply.

Pursuant to 18 U.S.C. §3582(c), the court may reduce a term of imprisonment for a defendant who has been sentenced based on a sentencing range that has subsequently been lowered after consideration of factors set forth in 18 U.S.C. 3553(a).[1] However, where an amendment to the guidelines has no effect on the Defendant's sentencing range,

---

[1] Section 3553(a) directs a court to consider the following factors in determining the particular sentence to be imposed: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for: (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines. . . (5) any pertinent policy statement. . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C. §3553(a).

1 there is no basis to reduce the sentence. <u>United States v. Townsend</u>, 98 F. 3d. 510, 513
2 (9th Cir. 1996).

3   The Ninth Circuit has determined that a sentence "'based on' a sentencing range
4 calculated under U.S.S.G. § 4B1.1 because the defendant was a career offender cannot be
5 'based on' a sentencing range calculated under § 2D1.1 drug amount table." <u>United States</u>
6 <u>v. Wesson</u>, 583 F.3d 728, 731 (9th Cir. 2009). Accordingly, Petitioner who was
7 sentenced as a career offender pursuant to section 4B1.1, is not entitled to sentence
8 reduction based upon the amendment of section 2D1.1. <u>See</u> <u>id.</u>

## CONCLUSION AND ORDER

10   Based on the foregoing, IT IS HEREBY ORDERED Petitioner's motion to reduce
11 his sentence is **DENIED**.

12 DATED: May 7, 2012

14 JOHN A. HOUSTON
United States District Judge